IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**SHERMAN L. GALLOWAY,**

                  **Plaintiff,**

    **v.**                                          **CASE NO. 07-3105-SAC**

**DAVID MCKUNE, et al.,**

                  **Defendants.**

**O R D E R**

Plaintiff, a prisoner incarcerated in Lansing Correctional Facility (LCF) in Lansing, Kansas, proceeds pro se on a civil complaint filed under 42 U.S.C. § 1983.[1] Plaintiff paid the initial partial filing fee assessed by the court under 28 U.S.C. § 1915(b)(1), and is granted leave to proceed in forma pauperis. Plaintiff remains obligated to pay the remainder of the $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

Plaintiff seeks declaratory judgment, injunctive relief, and

---

[1] Plaintiff's assertion of jurisdiction under 42 U.S.C. §§ 1981 and 1986 is legally frivolous.

damages on various allegations against two defendants: LCF Warden McKune and the City of Lawrence (City). Plaintiff essentially challenges the legality of being designated as a sex offender. He seeks to have that designation set aside, and to avoid sex offender treatment and any loss of privileges. Plaintiff also alleges error in his conviction on 1981 state charges, and seeks damages from that conviction date.

Having reviewed the record, the court finds the complaint is subject to being summarily dismissed as stating no claim for relief against either named defendant.

Plaintiff alleges no constitutional deprivation pursuant to a policy or custom of the City, thus the complaint states no claim upon which relief can be granted against this defendant. Municipalities are liable for constitutional torts only if a plaintiff suffered a constitutional deprivation and the municipality was responsible for that violation. Collins v. City of Harker Heights, Tex., 503 U.S. 115, 120-21 (1992). See also Monell v. Dept. of Social Services, 436 U.S. 658, 694 (1978)(municipality is liable under § 1983 only when a plaintiff is deprived of constitutional rights pursuant to a policy or custom of the municipality). Plaintiff's sweeping and conclusory allegation that the City conspired to disseminate, or failed to prevent the dissemination of, false information about him to the community and potential jurors clearly fails to satisfy either prong of this constitutional standard.

Likewise, plaintiff alleges no personal participation by defendant McKune in any alleged deprivation of plaintiff's

constitutional rights. Personal participation is an essential allegation in a § 1983 action. Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976). A "plaintiff must show the defendant personally participated in the alleged violation, and conclusory allegations are not sufficient to state a constitutional violation." Jenkins v. Wood, 81 F.3d 988, 994-95 (10th Cir. 1996)(internal citation omitted). Plaintiff may not rely on the doctrine of respondeat superior to hold a defendant liable by virtue of the defendant's supervisory position. Rizzo v. Goode, 423 U.S. 362 (1976).

Additionally, plaintiff's attempt to seek damages related to his 1981 conviction is premature. The United States Supreme Court has held that "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction" has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477 486-87 (1994). A claim for damages arising from a conviction or sentence that has not been so invalidated is not cognizable under § 1983. See id.

Although plaintiff also seeks relief on additional various state tort claims,[2] plaintiff is advised that jurisdiction to

---

[2] Plaintiff's assertion of various state criminal statutes as jurisdiction for his complaint is legally frivolous. See e.g. Doyle v. Okla. Bar Ass'n, 998 F.2d 1559, 1566 (10th Cir. 1993)(a private individual has no federal right to the prosecution of another).

3

consider such claims in this action will be declined if all federal claims are dismissed for the reasons stated herein. *See* 28 U.S.C. § 1367(c)(3) (authorizing a court to decline supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction).

Finally, to the extent plaintiff alleges constitutional error in the execution of his state sentence including parole eligibility and consideration, it is appropriate to pursue such relief in a habeas action under 28 U.S.C. § 2241 after fully exhausting state administrative and court remedies.

Accordingly, for the reasons stated herein the court directs plaintiff to show cause why the complaint should not be dismissed as stating no claim for relief. The failure to file a timely response may result in the complaint being dismissed without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed as stating no claim for relief.

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED: This 20th day of June 2007 at Topeka, Kansas.

                                        s/ Sam A. Crow
                                        SAM A. CROW
                                        U.S. Senior District Judge