```
             IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**SHERMAN L. GALLOWAY,**

                      **Plaintiff,**

      **v.**                                      **CASE NO. 07-3105-SAC**

**DAVID MCKUNE, et al.,**

                      **Defendants.**

## O R D E R

Plaintiff, a prisoner incarcerated in Lansing Correctional Facility (LCF) in Lansing, Kansas, proceeds pro se and in forma pauperis on a civil complaint filed under 42 U.S.C. § 1983.

Plaintiff seeks declaratory judgment, injunctive relief, and damages on various allegations against two defendants: LCF Warden McKune and the City of Lawrence. The court liberally construed the complaint as challenging the legality of plaintiff's designation as a sex offender, and as seeking to have that designation set aside to avoid sex offender treatment and any loss of privileges. It also appeared plaintiff was alleging error in his conviction on 1981 state charges, and seeking damages from that conviction date.

By an order dated June 20, 2007, the court directed plaintiff to show cause why the complaint should not be dismissed as stating no claim for relief against either of the named defendants.

In response, plaintiff disavows that he is challenging the legality of his sex offender designation, or that he is seeking relief from related treatment or loss of privileges. Significantly,

plaintiff clarifies that he is alleging error in his 1981 state conviction, and is seeking damages from that conviction date.

The court accepts this clarification, but continues to find the complaint should be dismissed. A state prisoner "cannot use § 1983 to challenge the fact or duration of his confinement."[1] <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 78 (2005)(*quotations and citations omitted*). "[A] state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)- if success in that action would necessarily demonstrate the invalidity of confinement or its duration." <u>Id</u>. at 81-82.

In this action, plaintiff broadly claims the defendants participated in a conspiracy or plan to unlawfully arrest, prosecute, and confine plaintiff. Plaintiff alleges in part that

---

[1] Court records reveal plaintiff's earlier attempts to seek habeas relief under 28 U.S.C. § 2254.

Plaintiff unsuccessfully sought a writ of habeas corpus under 28 U.S.C. § 2254 regarding his 1981 conviction. <u>Galloway v. Roberts</u>, Case No. 90-3148-DES. The court dismissed that petition. The Tenth Circuit Court of Appeals affirmed that decision.

Plaintiff then filed a second § 2254 petition. <u>Galloway v. McKune</u>, Case No. 94-3123-DES. The court dismissed the petition without prejudice. The Tenth Circuit dismissed plaintiff's appeal.

When plaintiff filed a third § 2254 petition, <u>Galloway v. McKune</u>, Case No. 98-3347-DES, the court transferred the matter to the Tenth Circuit because plaintiff had not obtained authorization for the district court's consideration of plaintiff's second or successive § 2254 petition. 28 U.S.C. § 2244(b). The Tenth Circuit denied authorization.

Plaintiff then filed a complaint under 42 U.S.C. § 1983 which the district court construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254. <u>Galloway v. Shelton</u>, Case No. 03-3362-GTV. The court transferred the matter to the Tenth Circuit for authorization under 28 U.S.C. § 2244(b), which the circuit court denied.

2

defendants participated in false trial testimony being presented to secure plaintiff's conviction and detention.  Accordingly, it is apparent that success on such claims and allegations necessarily implicates the validity of plaintiff's current confinement.

The show cause order entered in the instant action on June 20, 2007, informed plaintiff that his claims for relief under 42 U.S.C. § 1983, based on alleged error in his 1981 state conviction, were premature until plaintiff could show the conviction had been set aside, reversed, or otherwise invalidated.  *See* Heck v. Humphrey, 512 U.S. 477 486-87 (1994).  Because plaintiff makes no such showing, the court concludes the complaint should be dismissed.

IT IS THEREFORE ORDERED that the complaint is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 13th day of July 2007 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge